UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Josephine T. Rossi, | Dist. Ct. Civil Action |
| Appellant | 1:08-cv-1114 |
| -against- | (LEK) |
| Andrea E. Celli, | |
| Appellee. | |

| | |
|---|---|
| IN RE Josephine T. Rossi | Bankr. Case No. 05-17735-rel |
| Debtor, | |

**DECISION AND ORDER**

  Presently before the Court is Debtor Josephine T. Rossi's Motion for a temporary restraining order and order to show cause filed on August 13, 2009. Motion (Dkt. No. 27). Specifically, Debtor Josephine T. Rossi ("Debtor", "Appellant" or "Rossi") is seeking a temporary restraining order preventing the County of Albany from "offering the properties located at 10 Maplewood Ave., 10A Maplewood Ave., and 11 Oakland Ave. in the Town of Colonie, N.Y. 12205 listed as items or parcels 16 and 17 in the current County Auction booklet, for auction and the taking of bids on these properties on Saturday, August 15, 2009 at 11:00AM." Motion at 2.

  To justify the granting of a temporary restraining order, a plaintiff must satisfy the same prerequisites as a party seeking a preliminary injunction. Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc., 965 F.2d 1224, 1228 (2d Cir. 1992). A party

seeking a preliminary injunction must show, "(1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor." Doninger v. Niehoff, 527 F.3d 41, 47 (2d Cir. 2008) (citation omitted). "'[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" Sussman v. Crawford, 488 F.3d 136, 139 (2d Cir. 2007) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). While this Court recognizes that the sale of Debtor's residential properties could constitute irreparable harm; Debtor has failed to sustain her burden of evidencing any "likelihood of success on the merits" or "sufficiently serious questions going to the merits." Even considering Debtor's *pro se* status, Debtor makes no mention lest the requisite showing of "either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation," to warrant the extraordinary relief requested. See Hemphill v. New York, 380 F.3d 680, 687 (2d Cir. 2004) ("It is well-established that 'when a plaintiff proceeds *pro se* the court is obligated to construe his pleadings liberally, particularly when they allege civil rights violations.'") (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)).

Accordingly, it is hereby

**ORDERED**, that Debtor's Motion for a temporary restraining order and order to show cause (Dkt. No. 27) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     August 14, 2009
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge