UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Josephine T. Rossi,

        Appellant,

-against-

Andrea E. Celli,

        Appellee.

Dist. Ct. Civil Action
1:08-cv-1114 (LEK)

IN RE Josephine T. Rossi,

        Debtor.

Bankr. Case No. 05-17735-rel

## DECISION AND ORDER

**I.    BACKGROUND**

On August 13, 2009, Debtor Josephine T. Rossi filed a Motion for a temporary restraining order and order to show cause. Dkt. No. 27. Specifically, Debtor Josephine T. Rossi ("Debtor," "Appellant" or "Rossi") sought a temporary restraining order preventing the County of Albany from "offering the properties located at 10 Maplewood Ave., 10A Maplewood Ave., and 11 Oakland Ave. in the Town of Colonie, N.Y. 12205 listed as items or parcels 16 and 17 in the current County Auction booklet, for auction and the taking of bids on these properties on Saturday, August 15, 2009 at 11:00AM." Id. at 2. On August 14, 2009, this Court issued a Decision and Order denying the Motion for a temporary restraining order and order to show cause. Order (Dkt. No. 28). Presently before the Court is Debtor's Motion for reconsideration of that Order. Motion (Dkt. No. 30).

**II.   DISCUSSION**

### A. Standard of Review

A motion for reconsideration may be granted based on one of three possible grounds: (1) an intervening change in law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice. In re C-TC 9th Ave. P'ship, 182 B.R. 1, 3 (N.D.N.Y. 1995); Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) ("A movant for reconsideration bears the *heavy burden* of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice") (emphasis added); Doe v. New York City Dept. of Social Servs., 709 F.2d 782, 789 (2d Cir. 1983). "[A] motion for reconsideration should not be granted when the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). None of the three circumstances required to support a motion for reconsideration are present here.

### B. Analysis

"Appellant asks the Court to re-examine her August 13 submission because she had, indeed, made mention of those factors [i.e., the requisite showing of either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation]." Motion at 2. This, however, is not sufficient to warrant the granting of Debtor's Motion for reconsideration. Debtor does not cite to any intervening change of law warranting reconsideration. Debtor neither offers new evidence in her Motion for reconsideration nor does she purport to do so. Instead, Debtor seeks to relitigate an issue previously decided by this Court. Although not explicitly, Debtor may be alleging that there was a clear error of law or manifest injustice warranting the granting of her Motion. Again, this Court reiterates that a motion for

reconsideration is not an opportunity for the Plaintiff to get two bites of the apple and relitigate this issue. Id. By reiterating the facts that this Court has already considered and summarily asserting that "she does anticipate likelihood of success on the merits of her case, and potential litigation against the Appellee is a reality due to their various actions. And the balance of hardships tip decidedly in [her] favor," Debtor has failed to sustain her heavy burden of demonstrating that reconsideration is warranted.

Even assuming *arguendo* that the Debtor had sustained the requisite burden, there is no indication that her underlying request for a temporary restraining order is not moot. Debtor originally sought a temporary restraining order to prevent the County of Albany from auctioning three properties on Saturday, August 15, 2009 at 11:00 a.m. This date has now come and gone. There is presently no evidence before the Court as to whether these properties were, in fact, sold at the August 15, 2009 auction; if they were, Debtor's request for a temporary restraining order is moot.

### III.  CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that Debtor's Motion for reconsideration (Dkt. No. 30) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:   August 31, 2009
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

3